[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11025
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00027-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENWIN DARELL MCMILLIAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 12, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Kenwin McMillian appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  McMillian argues that the district court erred when it refused to charge the jury with his proposed constructive possession instruction.  Because McMillian's proposed instruction was an incorrect statement of the law of our circuit, the district court correctly declined to deliver it to the jury.  Accordingly, we affirm.

## I.

McMillian was driving his sister-in-law's car when the gun at issue was discovered behind the driver's seat.  At McMillian's trial, the government put on DNA evidence linking him to the weapon, but McMillian disputed the reliability of that evidence.  He claimed that the gun belonged to his sister-in-law and was in the car without his knowledge.  At the conclusion of his trial, McMillian requested that the district court deliver the following constructive possession instruction, based on Tenth Circuit law at the time:[1]

> In cases involving joint occupancy of a place where a thing is found, mere control or dominion over the place in which the items are found is not enough to establish constructive possession.  Rather, the government is required to present direct or circumstantial evidence to show some connection or nexus individually linking the defendant to the item.

The district court refused, and McMillian was subsequently convicted.

---

[1] *See United States v. Jameson*, 478 F.3d 1204 (10th Cir. 2007) (abrogated by *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016)).

2

On appeal, McMillian argues that because he did not own the car he was driving when the officers found the gun, the government needed to establish a nexus between him and the gun beyond the fact that he had control over the vehicle. The failure to deliver his requested instruction, he claims, allowed the jury to "infer knowledge [of the gun] from other circumstances," without having to evaluate the reliability of the government's DNA evidence linking him to the weapon.

## II.

We review a district court's decision to refuse a requested jury instruction for abuse of discretion. *United States v. Palma*, 511 F.3d 1311, 1314–15 (11th Cir. 2008) (per curiam). We will reverse that decision only if "(1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *Id.* at 1315 (internal quotation marks omitted). We review de novo whether a requested jury instruction correctly stated the law. *United States v. Takhalov*, 827 F.3d 1307, 1312 (11th Cir. 2016).

In order to establish constructive possession of a firearm, the government must show, through direct or circumstantial evidence, that the defendant "(1) was aware or knew of the firearm's presence and (2) had the ability and intent to later

3

exercise dominion and control over that firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam). "[T]he essence of constructive possession is the power to control the contraband," and control of the premises where the contraband is located permits an inference of that power. *United States v. Cochran*, 683 F.3d 1314, 1320 (11th Cir. 2012).

### III.

McMillian's proposed jury instruction did not correctly state Eleventh Circuit law and, therefore, was appropriately refused. While, as the district court's jury instructions properly cautioned, "[m]ere physical proximity" to contraband is insufficient to establish constructive possession, *United States v. Rackley*, 742 F.2d 1266, 1272 (11th Cir. 1984), we have repeatedly held that dominion and control over the premises where the contraband is located can be. *See, e.g.*, *United States v. Mieres-Borges*, 919 F.2d 652, 657 (11th Cir. 1990) ("Even constructive possession need not be exclusive, but may be shown circumstantially through evidence of ownership, dominion, or control over the premises on which the substance is located."); *Cochran*, 683 F.3d at 1320. The district court's charge accurately captured this balance when it stressed that "[a] defendant's knowledge of the item . . . may be inferred, but does not have to be inferred, by other circumstances, such as control over the place where the item is located."

4

Thus, while McMillian is right to claim that there must exist "some nexus between the accused and the contraband," *Rackley*, 742 F.2d at 1272, he was wrong to suggest in his proposed instruction that "control or dominion over the place in which the items are found is not enough to establish" such a nexus. Because McMillian's proposed jury instruction did not correctly state the law of this circuit, the district court did not abuse its discretion in refusing it.

**AFFIRMED.**

5